**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REVEAL DATA CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| GRAYSHIFT, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff Reveal Data Corporation ("RDC" or "Plaintiff"), through its attorneys Honigman LLP, for its Complaint against Defendant Grayshift, LLC, ("Grayshift" or "Defendant"), states as follows:

**NATURE OF THE CASE**

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1501, *et seq.*, as well as related state and common law claims, in which RDC is seeking injunctive relief and monetary damages for Grayshift's willful infringement of RDC's valuable trademark. Specifically, Grayshift is infringing RDC's rights in its registered REVEAL trademark by using that trademark to mislead consumers into believing there exists some affiliation, sponsorship, or connection between RDC and Grayshift when there is none, and by deliberately trading off of the extensive goodwill that RDC has developed in its REVEAL mark.

**PARTIES, JURISDICTION AND VENUE**

2. RDC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 145 S. Wells Street, Suite 500, Chicago, IL 60606.

RDC provides a variety of litigation support products and services, including e-discovery software, investigation solutions, and analytical and consulting services.

3. Upon information and belief, Grayshift is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 931 Monroe Drive NE, Suite A102-340, Atlanta, GA 30308.

4. On information and belief, Grayshift is in the business of providing software solutions in the digital forensics, investigations and legal process spaces.

5. Personal jurisdiction over Grayshift is appropriate because a substantial part of the events and omissions giving rise to RDC's claims occurred in this District and because, on information and belief, Grayshift engages in substantial and systematic commercial activities with individuals and entities located in Illinois, has offered and/or sold goods and services within the State of Illinois in the ordinary course of trade, and otherwise has constitutionally sufficient contacts with Illinois so as to make personal jurisdiction proper in this Court. By way of example, upon information and belief, Grayshift attends conferences and trade shows in this District where it promotes its REVEAL products and services. Moreover, as described further below, Grayshift intentionally infringed on intellectual property rights that it knew were owned by RDC. Grayshift's actions were expressly aimed at Illinois, and caused harm in Illinois that Grayshift knew was likely to be suffered in Illinois. Grayshift also has a registered agent in Illinois.

6. The Court has subject matter jurisdiction over this civil action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 1338 in that this case arises under the Lanham Act (15 U.S.C. § 1051, *et seq*.), as well as 28 U.S.C. § 1367, and pursuant to the common law of the State of Illinois.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)–(d).

**BACKGROUND**

*Plaintiff's Use Of Its REVEAL Mark*

8. Since at least as early as 2008, RDC has continuously used the REVEAL trademark in connection with its offer and sale of software solutions and services in the investigations and litigation spaces.

9. Over the years, RDC has expanded its offerings under the REVEAL mark to include a wide variety of software solutions and services featuring artificial intelligence, processing, production, and visual analytics capabilities, among others, for use by the legal field, government agencies, intelligence agencies, and corporations in investigations, legal process, and litigation. Since at least as early as January 2021, RDC has offered all of the foregoing products and services under its REVEAL trademark.

10. RDC offers products and services under its REVEAL mark throughout the United States and the world.

11. RDC has spent significant time, effort, and resources establishing its REVEAL Mark in the minds of its customers and the public via advertisements and promotions—including through online advertising and promotion and through its presence and activities at trade shows—as representative of RDC's high quality software solutions in the investigations and litigation spaces. The volume and reach of RDC's marketing and advertising efforts has been substantial.

12. RDC's marketing and advertising efforts have yielded great success. RDC has generated hundreds of millions of dollars in revenue from the sale of products and services under its REVEAL Mark.

13. As a result of RDC's continuous use, extensive sales, advertising, and promotion of the REVEAL Mark, the REVEAL Mark enjoys widespread recognition and an excellent

reputation, and is recognized by the public as emanating exclusively from RDC and representative of RDC's high quality products and services.

14. As a result of RDC's efforts and commercial success in advertising, marketing and promoting products and services under the REVEAL Mark, RDC has generated substantial and valuable goodwill in its REVEAL Mark, and the REVEAL Mark has become an intangible asset of substantial commercial value to RDC.

*Plaintiff's Registrations And Application For Its REVEAL Mark*

15. In addition to its widespread and longstanding use, RDC owns United States Trademark Registration No. 6,041,280 for the mark REVEAL for the following services:

- "Litigation support services, namely, information management services for legal professionals, namely, computerized database management for attorneys" in Class 35;

- "Computer services, namely, acting as an application service provider in the field of electronic discovery to provide, host, manage, develop, and maintain electronic databases for storage and sharing of data and information for legal professionals; Computer project management services for legal professionals" in Class 42; and

- "Litigation support services, namely, conducting electronic discovery services via global computer networks for legal professionals in the nature of reviewing e-mails and other electronically stored information that could be relevant evidence in a lawsuit" in Class 45.

(hereinafter, the "REVEAL Mark"). A copy of U.S. Trademark Registration No. 6,041,280 is attached to the Declaration of George Socha (the "Socha Dec."), filed concurrently herewith, as Exhibit N and incorporated herein by reference.

16. RDC's U.S. Trademark Registration No. 6,041,280 for the REVEAL Mark issued on April 28, 2020 and asserts use in United States commerce since at least as early as September 19, 2008.

17. RDC also owns U.S. Trademark Application No. 97/550,075 for the mark REVEAL for "Software as a service (SAAS) services and/or installed software, featuring artificial intelligence for machine learning with predictive coding, used to facilitate data collection, processing, review, analysis, and production by and for organizations conducting investigations, handling disputes, working on cyber incidents, governing information and intelligence mining to determine legal risk and compliance with regulations" in Class 42. A copy of U.S. Trademark Application No. 97/550,075 is attached to the Socha Declaration as Exhibit O and incorporated herein by reference.

18. RDC's U.S. Trademark Application No. 97/550,075 was filed on August 16, 2022 and asserts use in United States commerce since at least as early as January 2019.

19. Prior to filing U.S. Trademark Application No. 97/550,075 and the trademark application that matured into U.S. Trademark Registration No. 6,041,280 for the REVEAL Mark, RDC owned U.S. Trademark Registration No. 3,674,281 for the following REVEAL and Design mark (the "RDC Prior Registration"):



The RDC Prior Registration registered on August 25, 2009 and asserts a date of first use in commerce of September 19, 2008.

20. Because RDC is no longer using the mark REVEAL in connection with the design shown in the RDC Prior Registration, the RDC Prior Registration was canceled for non-use on

March 27, 2020. However, RDC has never ceased use of the REVEAL Mark, and has continuously used the REVEAL Mark since at least as early as 2008.

*Grayshift's Infringing Use of REVEAL*

21. In August 2022, RDC became aware that Grayshift was in the process of launching a new cloud-based software product under the trademark REVEAL for use in digital and forensics investigations and legal process.

22. Examples showing Grayshift's use of the REVEAL mark in connection with its software product are shown below:








**REVEAL BY GRAYSHIFT**

**MEET REVEAL BY GRAYSHIFT**

Reveal by Grayshift is a cloud analytics solution for law enforcement detectives and investigators. Use Reveal to streamline and simplify investigations with time to first fact in less than five minutes and safe collaboration with other law enforcement professionals.

**Take A Product Tour**

**Accelerate** — Powerful speed. Powerful data analysis. Solve more cases with Reveal.

**Simplify** — Automatic GrayKey integration. Easy-to-use interface. Time to first fact just got faster.

**Analyze** — Follow the data. Reveal patterns and connections. Keep your investigation moving forward.

**Collaborate** — One tool. Multiple users. Collaborate instantly with investigative staff anywhere.

https://www.grayshift.com › reveal

**Reveal Cloud Analytics Solution - Grayshift**

Identify key evidence faster. **Reveal** by **Grayshift** is a cloud analytics solution for law enforcement detectives and investigators.

23. Grayshift also has filed U.S. Trademark Application No. 97/223,406 for the mark GRAYSHIFT REVEAL covering "Providing temporary use of non-downloadable cloud-based software for use in accessing, extracting, organizing, sorting, and analyzing data from mobile devices; providing temporary use of non-downloadable cloud-based software for use by law enforcement professionals related to saving, indexing, and sharing data extracted from mobile devices in connection with an investigation" in Class 42.

24. Grayshift's REVEAL software product is highly similar to RDC's REVEAL products and services, including because both parties' REVEAL offerings are software-based solutions for use in the investigations, litigation, and/or legal process fields. There is also substantial overlap in the types of customers for the parties' REVEAL offerings.

25. RDC has not licensed or otherwise authorized Grayshift to use its longstanding and well-established REVEAL Mark in any manner whatsoever.

26. Upon information and belief, Grayshift knew of RDC's prior use of the REVEAL Mark, was and is well aware of the goodwill and market value of RDC's REVEAL Mark, and intentionally chose to use the REVEAL Mark to suggest an affiliation between Grayshift and its goods and services on the one hand and RDC and its goods and services on the other or to confuse customers about the source of the parties' respective goods.

27. Through its unauthorized and infringing uses of the mark REVEAL, Grayshift is deliberately and improperly capitalizing upon the goodwill that RDC has built up in its REVEAL Mark.

28. Grayshift's unauthorized, unlawful and intentional use of the REVEAL Mark will cause a likelihood of confusion among consumers and potential consumers as to the source or origin of Grayshift's products and the sponsorship or endorsement of those goods and services by RDC

29. As a direct and proximate result of Grayshift's unauthorized conduct, RDC has been and will be damaged by confusion and potential confusion among consumers and potential consumers as to RDC's association or connection with, or endorsement or authorization of, Grayshift and RDC's products and services, at least in part in ways that cannot be adequately measured or fully remedied by monetary damages.

30. As a result of Grayshift's intentional misappropriation of the REVEAL Mark, Grayshift is causing and will continue to cause, irreparable injury to RDC and has substantially damaged the value of RDC's REVEAL Mark.

31. Grayshift has unjustly enriched itself at RDC's expense by advertising and selling products and services in connection with the REVEAL Mark in a manner that appropriates and exploits RDC's goodwill and reputation. Among the benefits that Grayshift has gained from its conduct are increased revenues from the sale of its infringing products and services.

32. On August 10, 2022, RDC sent a letter to Grayshift demanding that it cease and desist its infringing use of the REVEAL Mark. A true and correct copy of RDC's August 10, 2022 letter to Grayshift is attached to the Socha Declaration as Exhibit S and incorporated herein by reference.

33. Counsel for RDC and Grayshift had a discussion regarding this matter by phone on August 22, 2022, and Grayshift subsequently responded to RDC's cease and desist demand by letter dated September 13, 2022. In its September 13, 2022 response, Grayshift denied infringement and expressly refused to comply with RDC's demands. A true and correct copy of Grayshift's September 13, 2022 response letter is attached to the Socha Declaration as Exhibit T and incorporated herein by reference.

34. As of the date of this Complaint, is still engaged in infringing uses of RDC's REVEAL Mark, as shown in Exhibit P to the Socha Declaration.

35. On November 1, 2022, Grayshift issued a press release announcing the official launch and general availability of its REVEAL software product. *See* Exhibit R to the Socha Declaration.

36. The November 1, 2022 press release asserts:

> As the first cloud-native forensic analysis solution available to market, **Reveal** transforms how public safety agencies access, analyze, and manage digital evidence in near-real time. Delivering **Reveal** fully in the cloud brings powerful features that streamline the investigative workflow and enable real-time collaboration among investigators, detectives, and prosecutors.

9

*Id.* (emphasis added).

37. The press release quotes Grayshift's CEO, David Miles, as stating:

> Reveal is the only cloud-native forensic analysis solution in existence, and this launch marks a major shift in how public safety agencies conduct digital forensic investigations. It is cost effective, easy to deploy, and lightning fast . . . . ***This is just the beginning. GrayKey + Reveal is a total game changer***.

*Id.* (emphasis added).

38. Grayshift's unauthorized use of REVEAL in connection with its new software offering will cause, a likelihood of confusion among consumers and potential consumers as to the source or origin of Grayshift's products and the sponsorship or endorsement of those goods and services by RDC.

39. As a result of Grayshift's intentional misappropriation of the REVEAL Mark, Grayshift has caused, and will continue to cause, irreparable injury to RDC—including substantial and irreversible damage to the value of RDC's REVEAL Mark.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

40. RDC realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

41. RDC owns prior, valid and enforceable rights in the REVEAL Mark by virtue of its extensive and longstanding use, promotion, marketing, advertisement, offer and sale of goods and services in connection with the REVEAL Mark, and RDC has possessed such rights at all times material hereto.

42. RDC owns a federal registration for its REVEAL Mark, which is *prima facie* evidence of its ownership and the validity of the REVEAL Mark.

43. Grayshift has knowingly used and continues to use in commerce the REVEAL Mark in connection with highly similar software-based investigations and legal process solutions to those that Grayshift advertises, promotes, distributes, and sells under its REVEAL Mark.

44. Grayshift knowingly adopted and has used and is using the REVEAL Mark with full knowledge of RDC's longstanding and extensive prior use of the REVEAL Mark and its valid and enforceable rights therein.

45. Grayshift has actual and constructive notice of RDC's federal trademark rights.

46. Grayshift has no right or authority to use the REVEAL Mark in connection with the offer, sale, or distribution of any products.

47. Nevertheless, Grayshift has offered and sold, and continues to offer and sell its litigation support services and related products and services in connection with the REVEAL Mark in interstate commerce, despite demands from RDC to cease and desist such activity.

48. Grayshift has engaged in its unauthorized use of the REVEAL Mark and offered and sold its infringing products and services in the same or highly similar marketing channels and to the same or a highly similar customer base as RDC.

49. Grayshift's unlawful and intentional use of the REVEAL Mark without the authorization of Plaintiff will cause a likelihood of confusion among consumers and potential consumers as to the source or origin of Grayshift's products and the sponsorship or endorsement of those goods and services by RDC.

50. Grayshift's actions constitute willful infringement of the REVEAL Mark under 15 U.S.C. §1114.

51. As a direct and proximate result of Grayshift's willful misconduct, RDC has suffered irreparable harm to the value and goodwill associated with the REVEAL Mark and its reputation in the industry.

52. Unless Grayshift is restrained from further infringement of the REVEAL Mark, RDC will continue to be irreparably harmed.

53. RDC has no adequate remedy at law that will compensate it for the continued, irreparable harm that it will suffer if Grayshift's willful misconduct is allowed to continue.

54. As a direct and proximate result of Grayshift's willful misconduct, RDC has suffered damages to the valuable REVEAL Mark and other damages in an amount to be proved at trial.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

55. RDC realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

56. RDC owns prior, valid and enforceable rights in the REVEAL Mark by virtue of its extensive and longstanding use, promotion, marketing, advertisement, offer and sale of goods and services in connection with the REVEAL Mark, and RDC has possessed such rights at all times material hereto.

57. Grayshift has knowingly used and continues to use in commerce the REVEAL Mark in connection with highly similar software-based investigations and legal process solutions to those that Grayshift advertises, promotes, distributes, and sells under its REVEAL Mark.

58. Grayshift's use of the REVEAL Mark in connection with Grayshift's sale of products and services that are the same as or highly similar to RDC's REVEAL-branded products

and services constitutes a false designation of origin, a false description and representation of Grayshift's goods and services, and false representations that Grayshift's goods and services are sponsored, endorsed, licensed, or authorized by, or otherwise affiliated or connected with, RDC.

59. Grayshift's use of the REVEAL Mark in connection with Grayshift's sale of products and services that are the same as or highly similar to RDC's REVEAL-branded products and services infringes RDC's exclusive rights in the REVEAL Mark, is likely to cause confusion, mistake, or deception, and constitutes unfair competition, all in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

60. Grayshift has used and is using the REVEAL Mark with full knowledge of RDC's longstanding and extensive prior use of the REVEAL Mark.

61. Grayshift knowingly and intentionally adopted and has used and is using the REVEAL Mark with full knowledge of RDC's longstanding and extensive prior use of the REVEAL Mark.

62. Grayshift's use of the REVEAL Mark is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Grayshift and RDC, and/or Grayshift's goods and services on the one hand and RDC's goods and services on the other, and is likely to cause such people to believe in error that Grayshift's goods have been authorized, sponsored, approved, endorsed, or licensed by RDC or that Grayshift is in some way affiliated with RDC.

63. Grayshift's actions constitute false and misleading descriptions of fact and false designations of the origin and/or sponsorship of Grayshift's goods and services, and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Grayshift's actions described herein were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

65. As a direct and proximate result of Grayshift's conduct, RDC has suffered damage to the valuable REVEAL Mark, as well as harm to RDC's valuable goodwill and reputation.

66. Grayshift's conduct described herein will continue to damage RDC and confuse the public unless enjoined by this Court.

67. An award of money damages alone cannot fully compensate RDC for its injuries, and RDC has no adequate remedy at law.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS 505/1 *et seq.*)

68. RDC realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

69. Grayshift's conduct, as described herein, constitutes unfair methods of competition and unfair and deceptive practices by employing confusing, deceptive, and false designations of origin, source, affiliation, and/or sponsorship in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

70. Grayshift's acts have been willful and deliberate.

71. RDC has been, and will continue to be, irreparably injured by Grayshift's violation of this statute. Unless Grayshift is enjoined, RDC will suffer further irreparable injury for which it has no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

72. RDC realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

73. Grayshift was aware of RDC's prior use of the REVEAL Mark, and used the REVEAL Mark, in disregard of RDC's rights.

74. Grayshift's actions have resulted in the misappropriation of, and trading upon, RDC's valuable goodwill and business reputation at RDC's expense and at no expense to Grayshift. The effect of Grayshift's misappropriation of the goodwill symbolized by the REVEAL Mark is likely to unjustly enrich Grayshift, damage RDC, and confuse and/or deceive the public.

75. Grayshift's actions constitute unfair competition with RDC, which has caused and will continue to cause irreparable injury to RDC's goodwill and reputation unless enjoined.

76. An award of money damages alone cannot fully compensate RDC for its injuries, and RDC has no adequate remedy at law.

## COUNT V
## UNJUST ENRICHMENT

77. RDC realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

78. By misappropriating RDC's valuable goodwill and reputation through the improper use of the REVEAL Mark, Grayshift has been unjustly enriched to the material detriment of RDC.

79. Grayshift is realizing profit and will continue to realize a profit from its improper use of the REVEAL Mark.

80. Grayshift's actions have directly and proximately caused irreparable harm to RDC and its valuable goodwill and reputation, and will continue to harm RDC unless enjoined.

81. An award of money damages alone cannot fully compensate RDC for its injuries, and RDC has no adequate remedy at law.

82. RDC is entitled to compensatory damages in the form of restitution and such other and further relief as the Court deems equitable and just.

**PRAYER FOR RELIEF**

WHEREFORE, RDC respectfully requests and prays that the Court:

A. Enter judgment in RDC's favor and against Grayshift on all counts of the Complaint;

B. Determine that Grayshift willfully violated the Lanham Act, that RDC has been damaged by such violations, and that Grayshift is liable to RDC for such violations;

C. Determine that Grayshift committed common law trademark infringement, that RDC has been damaged by such infringement, and that Grayshift is liable to RDC for common law trademark infringement;

D. Determine that this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a);

E. Under all claims for relief, issue a permanent injunction enjoining Grayshift and its officers, employees, agents, successors and assigns, and all those in active concert and participation with Grayshift, and each of them who receives notice directly or otherwise of such injunctions:

   1. from using in any manner the REVEAL Mark and variations thereof, or any other name, term, phrase, mark, design, device or symbol which so resembles or is similar to the REVEAL Mark so as to be likely to cause confusion, mistake or deception as to source, origin, sponsorship, approval, affiliation or the like;

   2. from further unlawfully trading upon and misappropriating the goodwill and reputation of RDC and competing unfairly with RDC;

   3. from inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts; and

   4. from making any false or misleading descriptions of fact or false or misleading representations of fact in its commercial advertising or promotion about the nature, characteristics, or qualities of its products or related commercial activities.

F. Order Grayshift to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, or other materials in its possession, custody or control, and in the possession, custody or control of those in active concert or participation or otherwise in privity with it, which display or contain the REVEAL Mark, or variations thereof, or which constitute and/or bear any other device, representation or statement in violation of the injunction herein requested by RDC, and that Grayshift be ordered to deliver up for destruction all means of making the same;

16

G. Order Grayshift to file with the Court and serve on RDC, within thirty (30) days after service on it of such injunction (or such extended period as the Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which Grayshift has complied with the injunction;

H. In accordance with 15 U.S.C. § 1118, order Grayshift to deliver to RDC, at Grayshift's expense, for destruction or other disposition, all products, including, without limitation, all labels, packaging, signs, prints, advertisements, promotional, and other materials, incorporating, bearing, or displaying a trademark confusingly similar to the aforementioned trademarks of RDC's or which otherwise violates 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), in the possession, custody, or control of Grayshift, as well as any reproduction, counterfeit, copy, or colorable imitation thereof, and all other materials or means of making the same;

I. Order that Grayshift account for and pay over to RDC all gains, profits, and advantages derived from its violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and the common law, and also pay to RDC the damages which RDC has sustained by reason of such violations, together with legal interest from the date of accrual thereof;

J. Because of the willful nature of said violations and pursuant to 15 U.S.C. § 1117(a), order that Grayshift be required to pay over to RDC three times the amount of said profits and damages;

K. Order that Grayshift be required to pay RDC's reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a);

L. Award interest, including pre-judgment interest on the foregoing sums;

M. Award RDC an amount of money to undertake corrective advertising;

N. Award RDC punitive damages based on Grayshift's willful and intentional conduct; and

O. Grant RDC any other relief as the Court deems necessary and proper.

17

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, RDC demands a trial by jury on all issues present in this civil action.

Dated: November 7, 2022        Respectfully submitted,

                                           HONIGMAN LLP

By: */s/ Mary Alexander Hyde*
William B. Berndt (ARDC # 6269408)
wberndt@honigman.com
Mary Alexander Hyde (ARDC # 6322004)
mhyde@honigman.com
155 N Wacker Drive, Suite 3100
Chicago, IL 60606
(312) 701-9300

*Attorneys for Plaintiff*